UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEN TRAVIS, | No. 2:19-cv-02133-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| AMANDA MONNIER; JASON BARROWS; COUNTY OF PLACER; and DOES 1-100, inclusive, | |
| Defendants. | |

This matter is before the Court on Defendants Amanda Monnier ("Monnier"), Jason Barrows ("Barrows"), and the County of Placer's ("County") (collectively, "Defendants") Motion to Dismiss.[1] (ECF No. 6.) Plaintiff Len Travis ("Plaintiff") opposed the motion. (ECF No. 11.) Defendants replied. (ECF No. 14.) For the reasons discussed herein, the Court GRANTS Defendants' Motion. (ECF No. 6.)

///

///

---

[1] Defendants note Jason Barrows was erroneously sued as "Jason Burrows" and the County was erroneously sued as "Placer County Probation Department." (ECF No. 6 at 1.) The Court recognizes these errors on the docket and directs the Clerk of the Court to make all corrections to the docket as necessary.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's allegedly unlawful arrest and incarceration. (*See* ECF No. 1.) On October 19, 2017, Monnier, a Deputy Probation Officer employed by the County, arrested Plaintiff.[2] (*Id.* at ¶¶ 3–4.) On October 30, 2017, Monnier filed a "First Amended Petition for Revocation of Probation" stating Plaintiff had not served a previously ordered jail sentence of 130 days (the "Petition"). (*Id.* at ¶ 5.) This information was allegedly false and misleading because Plaintiff had already served this sentence, but Monnier nevertheless signed the Petition. (*Id.*) Barrows, a Senior Deputy Probation Officer, subsequently approved it. (*Id.*) As a result, Plaintiff remained in custody until February 15, 2018. (*Id.* at ¶ 6.) Plaintiff alleges Barrows and the County have a policy of "rubber stamping" any documents submitted to them for review, including the Petition, while failing to ensure the information contained in the documents is accurate and truthful. (*Id.* at ¶ 8.)

On October 22, 2019, Plaintiff initiated this action against Defendants. (ECF No. 1.) On February 5, 2020, Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 6.) On March 19, 2020, Plaintiff filed an opposition (ECF No. 11), and on March 23, 2020, Defendants filed a reply (ECF No. 14).

## II. STANDARD OF LAW

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly (Twombly)*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

---

[2] The Court notes that Plaintiff provides very few factual allegations in his Complaint. If Plaintiff decides to file an amended complaint, it would be prudent to add further factual allegations surrounding his arrest and term of imprisonment.

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

///

In ruling upon a motion to dismiss, the district court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

### III. ANALYSIS

Plaintiff asserts the following three claims: (1) violation of his Fourth Amendment right to be free from unreasonable search and seizure pursuant to 42 U.S.C. § 1983 ("§ 1983") against Monnier; (2) violation of his Eighth Amendment right to be free from cruel and unusual punishment pursuant to § 1983 against all Defendants; and (3) *Monell* liability pursuant to § 1983 against all Defendants. (ECF No. 1 at 4–7.)

Defendants move to dismiss these claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (*See* ECF No. 6.) Specifically, Defendants argue Claims One and Two are barred by the doctrine articulated in *Heck v. Humphrey* and Claim Three fails because Plaintiff does not sufficiently allege a pattern of unconstitutional activity that resulted from Defendants' policies and procedures. (ECF No. 6-1 at 3–5 (citing *Heck v. Humphrey*, 512 U.S. 477, 478 (1994)).) The Court will address each of Defendants' arguments in turn.

#### A. Claims One and Two: Violation of Fourth and Eighth Amendments

Defendants argue Plaintiff has failed to allege sufficient facts to adequately plead his constitutional claims — specifically, Plaintiff has not proven Defendants' actions resulted in an unconstitutional conviction. (*See* ECF No. 6-1 at 4–5.) Defendants maintain *Heck* requires this Court to dismiss Plaintiff's Complaint if Plaintiff cannot prove an unconstitutional conviction, as a judgment in favor of Plaintiff would imply the invalidity of his arrest and incarceration. (*See id.*

at 4.) In opposition, Plaintiff appears to argue *Heck* does not apply to claims based on a revocation of probation.[3] (*See* ECF No. 11 at 2–3.) The Court agrees with Defendants.

The Supreme Court held in *Heck* that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87. *Heck* consequently "prohibits a prisoner from raising a claim under 42 [U.S.C.] § 1983 that, if successful, would invalidate a conviction or sentence that has not been 'reversed, expunged or called into question by issuance of a writ of habeas corpus.'" *Daniels v. Piercy*, No. 1:10-cv-00630 JLT (PC), 2011 WL 284967, at *3 (E.D. Cal. Jan. 26, 2011) (citing *Heck*, 512 U.S. at 486–87); *see also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006). In a § 1983 suit where a state prisoner seeks damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," because "if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Courts have found *Heck* extends to probation decisions. *See Baskett v. Papini*, 245 F. App'x 677 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 486- 87; *Butterfield v. Bail*, 120 F.3d 1023, 1024 n.1 (9th Cir. 1997)) ("The district court properly dismissed [state prisoner's] [§] 1983 action as *Heck*-barred because his allegations necessarily call into question the validity of the probation revocation."); *Jackson v. Vannoy*, 49 F.3d 175 (5th Cir. 1995), *cert. denied*, 516 U.S. 851 (1995) (*Heck* bars § 1983 suit against police alleging illegal arrest leading to probation revocation

---

[3] Plaintiff specifically argues that "[v]iolations of probation are held to a lower standard of proof than a conviction which requires proof beyond a reasonable doubt." (ECF No. 11 at 2.) However, Plaintiff fails to explain how this relates to the applicability of the *Heck* doctrine, fails to mention the *Heck* doctrine entirely, and fails to cite any case law supporting his arguments. (*See id.* at 2–3.) Nevertheless, the Court and Defendants (*see* ECF No. 14 at 1–2) interpret Plaintiff's argument to be that *Heck* does not preclude him from asserting Claims One and Two.

because validity of revocation was necessarily implied); *see also Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999) (*Heck* applies to situations involving probation revocation, but *Heck* does not apply in this case); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation.").

Here, Plaintiff alleges unreasonable search and seizure as well as cruel and unusual punishment claims to recover damages for an allegedly unconstitutional sentence. If Plaintiff's § 1983 claims were successful, it would necessarily call into question the validity of the Placer County Superior Court's order granting the First Amended Petition for Revocation of Probation. This state court order has not been "reversed, expunged, or called into question by issuance of a writ of habeas corpus." *Daniels*, 2011 WL 284967, at *3. Accordingly, Plaintiff must prove his sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck*, 512 U.S. at 486–87. Plaintiff fails to do so and therefore cannot adequately plead his constitutional claims.

Accordingly, Claims One and Two are DISMISSED with leave to amend.

B. Claim Three: *Monell* Liability

Plaintiff alleges the County's formal policies, procedures, and practices, including "an ongoing pattern of extreme negligence in preparing and submitting petitions of violations of probation" was the direct and proximate cause of Plaintiff's alleged injuries and damages. (ECF No. 1 at ¶¶ 27–29.) The Court interprets this cause of action as a *Monell* claim. (*See* ECF No. 6-1 at 4 (interpreting Claim Three as a *Monell* claim); ECF No. 11 (failing to dispute or clarify Defendants' interpretation of Claim Three as a *Monell* claim)); *cf. Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) ("[T]he touchstone of the § 1983 action against a government body is an allegation that *official policy* is responsible for a deprivation of rights protected by the Constitution[.]") (emphasis added). Defendants argue Plaintiff's *Monell* claim fails because he pleads only "a conclusory statement that there is an 'ongoing pattern of extreme negligence in preparing and submitting petitions of violations of probation.'" (ECF No. 6-1 at 4.)

However, the Court finds it unnecessary to reach the merits of Defendants' argument.

To bring a *Monell* claim against a municipality, a plaintiff must establish "the local government had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (internal quotations omitted). Here, Plaintiff fails to establish any underlying constitutional violations because Claims One and Two for constitutional violations were inadequately pleaded. "[A] municipality . . . [cannot] be held liable under § 1983 where no injury or constitutional violation has occurred." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). Accordingly, Claim Three is DISMISSED with leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss under Rule 12(b)(6) with leave to amend. (ECF No. 6.) Plaintiff shall file an amended complaint not later than twenty-one (21) days from the electronic filing date of this Order. Defendants shall file an answer to the amended complaint not later than thirty (30) days after the electronic filing date of the amended complaint.

IT IS SO ORDERED. DATED: May 20, 2021

Troy L. Nunley
United States District Judge